**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BRYAN SEXTON**                                                                                          **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO.: 3:25-cv-722-KHJ-MTP**

**FIRST STATE BANK**                                                                                    **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel [58]. Having

carefully considered the Motion [58], the applicable law, and the parties' submissions, the Court

finds that the Motion [58] should be GRANTED.

## BACKGROUND

This lawsuit arises out of alleged incidents that occurred during Plaintiff Bryan Sexton's

employment with Defendant First State Bank.

On September 24, 2025, Plaintiff filed this lawsuit alleging whistleblower retaliation,

intentional infliction of emotional distress, false light, defamation, tortious interference, and

abuse of process. [1] at 14-19. On March 9, 2026, the Court entered a Case Management Order

[35], setting case deadlines, including an October 15, 2026 deadline to complete discovery. *See*

[35] at 4.

On March 23, 2026, Defendant served Plaintiff with its First Set of Interrogatories,

Requests for Production, and Requests for Admission. *See* [39]. Before Plaintiff served his

responses to the written discovery requests, the parties moved for entry of an agreed protective

order, which the Court granted and entered on April 9, 2026. *See* Agreed Protective Order [44].

Plaintiff served his responses to the written discovery requests about a month later, on May 5,

2026. *See* [50] [51] [52]. Defendant alleges that Plaintiff's discovery responses were deficient

and thus sent an email on May 5, 2026 and a good-faith letter on May 13, 2026 requesting that Plaintiff cure the deficiencies. *See* [58-2] [58-3]. Defendant received no response from Plaintiff. [58] at 2.

Accordingly, Defendant requested a discovery conference with the Court. On June 4, 2026, the undersigned conferred with the parties and addressed Plaintiff's responses to the written discovery requests. During the conference, Plaintiff indicated his intent to supplement his responses. The Court directed him to do so by June 8, 2026, and permitted Defendant to proceed with appropriate discovery motions without further conference with the Court if Plaintiff failed to supplement. *See* Minute Entry 6/4/2026. Plaintiff timely served supplemental responses to the written discovery requests. *See* [53] [54] [55]. However, Defendant claims that no additional responsive documents were served with the supplemental responses. *See* [58] at 2.

On June 24, 2026, Defendant filed the instant Motion to Compel [58]. Defendant seeks an order compelling Plaintiff to produce the documents sought in Requests for Production Nos. 4, 12, and 17. Defendant also seeks attorney's fees.

On July 9, 2026, Plaintiff filed a Response [61] to the Motion [58], arguing that the Motion should be denied on procedural grounds[1], because Plaintiff is currently "producing

---

[1] Defendant filed a combined Motion to Compel and Memorandum in Support of the Motion to Compel. The Court noted on the docket that filing the motion and memorandum together violated the Court's Administrative Procedures for Electronic Case Filing and directed Plaintiff's counsel to file the memorandum as a separate document. *See* Docket Annotation 6/24/2026. Defendant failed to do so. In his Response [61], Plaintiff argued that the Motion [58] should be denied on procedural grounds given Defendant's failure to file the memorandum separately. However, Plaintiff filed his Response [61] on July 9, 2024—the day after the deadline to do so ran. Defendant points this out in its Reply [65] and requests the Court excuse the filing error. The Court declines to decide this Motion on procedural grounds and will instead consider both the Motion [58] and Response [61].

documents" requested in Request for Production No. 4, and because his objections to Requests for Production Nos. 12 and 17 are well-founded.

Defendant has since replied, and the matter is now ripe for review.

**ANALYSIS**

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Fed. R. Civ. P. 34. *See* Fed. R. Civ. P. 37(a). Discovery requests under Rule 34(a) are "subject to the scope and limitations of Rule 26(b)." *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016) (cleaned up). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Such discovery must also be "proportional to the needs of the case[.]" *Id.*

"The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018). "At the discovery stage, relevancy is broadly construed." *Stevens v. Flagstar Bank, Nat'l Ass'n,* 2025 WL 374942, at *2 (S.D. Miss. Feb. 3, 2025). Consequently, the Court has broad discretion over the scope of discovery. *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).

"A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 67

(E.D. La. 2024). The responding party must produce documents in response to a document request "no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

Fed. R. Civ. P. 26(e) "imposes an obligation to supplement" written discovery responses, "but does not provide 'an extension of the deadline by which a party must deliver' its information." *Rahman v. Allstate Ins. Co.*, 2023 WL 7334024, at *4 (E.D. La. Oct. 11, 2023) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). "[T]he obligation to supplement does not excuse untimely discovery responses." *Id.*

Applying these rules and principles of law, the Court finds and orders as follows:

***Request for Production No. 4***

The Motion is GRANTED as to Request for Production No. 4. The request seeks production of all documents related to Plaintiff's employment after July 17, 2023, the date he was fired from First State Bank. Plaintiff initially objected to the request on the grounds of confidentiality but promised to produce all non-privileged documents for the relevant time period "for purposes of mitigation of damages." [62-1] at 1. Plaintiff later supplemented, withdrawing his objection and promising that he would produce the requested documents, again "for purposes of mitigation of damages." *Id.*

Defendant maintains that the response is deficient as the previous confidentiality objection has now been withdrawn and Plaintiff still has failed to produce the additional responsive documents he agreed to produce. [58] at 3-4. Plaintiff argues that this portion of the Motion should be denied as moot because Plaintiff is in the process of producing these documents "and will serve them promptly." [62] at 1. Defendant contends that "a vague promise to produce does not constitute production" and does not moot the Motion. [65] at 2.

4

Plaintiff does not specify when he will produce documents in response to this discovery request served over four months ago, but merely says he will do it "promptly." Plaintiff has already promised twice to produce responsive documents. Plaintiff fails to explain why he has not yet produced these documents, and he did not produce them at the time he supplemented his responses nor by the time Defendant filed its Motion to Compel. It is insufficient for Plaintiff to continue to promise to produce responsive documents at some unspecified later time. Plaintiff does not object to production and is therefore directed to produce the requested documents by August 12, 2026.

Although Defendant claims Plaintiff has withdrawn his objections, Plaintiff maintains in his supplemental response that he will produce "non-privileged documents." [62-1] at 1. If Plaintiff intends to withhold responsive documents on the basis of privilege, any such document must be listed on a privilege log. *See* Fed. R. Civ. P. 26(b)(5); L.U. Civ. R. 26(e). Plaintiff must produce a privilege log, along with the responsive documents, by August 12, 2026.

### *Request for Production No. 12*

The Motion is GRANTED as to Request for Production No. 12. Defendant requests copies of "all documents" related to Plaintiff's divorce and custody proceedings, including "any pleadings, orders, discovery, or correspondence." [58-1] at 21. Plaintiff initially objected to this request, arguing that the information sought is confidential, private, and the request is overbroad and unduly burdensome. *Id.* Plaintiff also stated that the request is irrelevant "except to the extent [the requested documents] are specifically implicated by the allegations in the Complaint," and promised to produce "responsive, non-privileged documents." [62-1] at 2. In Plaintiff's supplemental response, he repeated the same language and again promised to

"produce responsive, non-privileged documents that directly relate to the allegations in the Complaint." [62-1] at 2.

Defendant argues that Plaintiff has placed his divorce and custody proceedings directly at issue in this case by claiming in his Amended Complaint [18] that "First State Bank also assisted Sexton's ex-wife in her contentious divorce and child custody litigation with Sexton" without providing any further details. [18] at 14; [65] at 3. Plaintiff admits that certain documents from the divorce proceedings are relevant but argues that "wholesale production of an entire domestic proceeding file" is not proportional to the needs of the case. [62] at 2-3. Plaintiff further argues that requiring production of the entire file "could encompass custody evaluations, extraneous financial statements, personal correspondence, and private details regarding minor children – none of which are proportional to the issues at hand." [62] at 2.

The Court cannot agree with Plaintiff's contentions at this time. Plaintiff made a broad and vague allegation in his Amended Complaint regarding Defendant's alleged involvement in his domestic proceedings. Plaintiff in no way attempted to limit that allegation through pleadings or through his responses to the discovery requests. The divorce file may very well contain matters that are irrelevant to the claims and defenses, but the parties' submissions do not provide a sufficient basis to allow the Court to set parameters or limitations on this request. Nor does Plaintiff specifically provide how producing the entire file would be "overbroad and unduly burdensome." Plaintiff, as the party resisting discovery, bears the burden of specifically showing how the request is overly broad or burdensome. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

When asked in Interrogatory No. 20 to state the facts supporting the allegation in paragraph 118 of the Amended Complaint that First State Bank "assisted Sexton's ex-wife in her contentious divorce and child custody litigation with Sexton," Plaintiff lodged general, if not spurious, objections and referred Defendant to the one sentence allegation of the Amended Complaint, providing no clarification or facts whatsoever.[2]

Plaintiff has made a broad and sweeping allegation and declined to provide any details. He will not now be heard to complain about the scope of the obligation required to provide documents about this sweeping allegation.

Accordingly, the Court finds that Request for Production No. 12 is proportionate to the needs of the case. Thus, Plaintiff is required to produce all documents responsive to this request by August 12, 2026. If Plaintiff intends to withhold responsive documents on the basis of privilege, any such document must be listed on a privilege log. Any objections based on confidentiality are addressed by the Agreed Protective Order [44].

***Request for Production No. 17***

The Motion is GRANTED as to Request for Production No. 17.

In his Amended Complaint [18], Plaintiff asserts a Sarbanes-Oxley Act (SOX) whistleblower retaliation claim. [18] at 17-18. Plaintiff alleges that Defendant provides products and services for "publicly-traded companies that have securities registered with the SEC and are required to file reports with the SEC," that "banking violations" occurred during his employment

---

[2] Plaintiff responded to Interrogatory No. 20 by stating that "Plaintiff objects on the grounds that this Interrogatory is overly broad, unduly burdensome, and seeks the marshalling of facts, which is protected by the attorney work product doctrine. Subject to and without waiving these objections, Plaintiff refers to the allegations in paragraph 118 of the First Amended Complaint and the evidence produced in discovery." [58-1] at 11.

which he believed were "violations of SOX rules," and that he was subjected to adverse employment actions after reporting these alleged violations. [18] at 2, 9, 12, 17.

Request for Production No. 17. asks for all documents relating to any publicly-traded company that was a client of First State Bank during Plaintiff's time of employment there. [62-1] at 3. Plaintiff objected to the request on the grounds that it is overbroad, unduly burdensome, irrelevant, and seeks confidential information concerning third-party bank clients. *Id.* Plaintiff also argues that the requested documents are "available in the public domain." *Id.* Yet, Plaintiff agreed to produce documents "that directly relate to the allegations in the Complaint involving a specific client/borrower, if any." *Id.*

In his supplemental responses, Plaintiff did not renew his confidentiality objection, but maintained that the request is "overbroad, unduly burdensome, and duplicative as SEC filings and public disclosures are available in the public domain." *Id.* Subject to those objections, Plaintiff promised to produce "a list of publicly-traded companies he contends were clients of First State Bank during his employment." *Id.* Plaintiff failed to specify when he will produce responsive documents.

Defendant contends that Plaintiff has not yet produced additional responsive documents, has dropped his confidentiality objection, and thus must produce the documents. [58] at 6. Defendant further argues that even though the documents may be publicly available, it is Plaintiff's responsibility to provide documents central to his claims. [65] at 4. Defendant opposes Plaintiff's proposal to provide a list of companies and requests Plaintiff be compelled to provide "all documents relating to any publicly-traded company he identifies in his Amended Complaint as a client, borrower, or depositor of" Defendant. *Id.*

Plaintiff argues that his objections to the request are valid and that Defendant "can access SEC filings, annual reports, and other public disclosures as easily as Plaintiff can." [62] at 2. Plaintiff believes producing the requested documents would be a waste of time and resources and asks the Court to deny the request "or at least limit it to the list of companies and relevant private documents." *Id.*

"[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses." *Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015). "[T]hat the responsive information is publicly available does not prevent its discovery." *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, 2019 WL 1804849, at *6 (M.D. La. Apr. 24, 2019).

Plaintiff's broad allegations regarding publicly-traded companies and purported SOX violations are left entirely without limitation. Because these claims are framed so broadly, Defendant is entitled to broad discovery related to them. While documents concerning these unidentified publicly-traded companies may be publicly available, Plaintiff remains obligated to produce those that support his SOX claim as initial disclosures. Plaintiff is not required to gather every public document Defendant may need to defend against Plaintiff's claims. However, to the extent Plaintiff has any documents responsive to this request within his custody possession, or control, he is directed to produce them and do so be August 12, 2026.

Fed. R. Civ. P. 26(a)(1)(A) also requires parties to produce, "without awaiting a discovery request," all documents that may be used to support their claims. If there are documents related to the relevant publicly-traded companies which Plaintiff may use to support his claims against Defendant, he is required to produce those as well.

***Attorney's Fees***

Where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment if such an award would be unjust or if "the opposing party's nondisclosure, response, or objection was substantially justified." *Id.*

Defendant seeks attorney's fees, arguing that an award of fees is required where a motion to compel is granted or where discovery is provided after the motion is filed. *See* [58] at 6; [65] at 5. Plaintiff opposes the request, asserting that he had good cause for not producing the requested documents and an award of fees would be unfair. [62] at 2.

The Court finds that an award of fees and costs is appropriate. Despite multiple requests by Defendant, supplementation efforts, and Court intervention, Plaintiff still has failed to produce documents responsive to the above requests, which were served over four months ago. Further, Plaintiff has provided little justification for failing to timely produce responsive documents. The Court finds no substantial justification for Plaintiff's failure to produce responsive documents which would make an award of fees and expenses unjust. Thus, Defendant should be awarded its attorney's fees and expenses incurred in filing the Motion to Compel.

IT IS, THEREFORE, ORDERED that:

1.  Defendant's Motion to Compel [58] is GRANTED.

2.  To the extent required by this Order, Plaintiff shall supplement his responses and produce responsive documents on or before August 12, 2026.

3.  On or before August 19, 2026, Defendant's counsel shall file its motion for fees and expenses, which must be supported by an affidavit and itemization of fees and expenses incurred in connection with filing the Motion to Compel [58].

10

4. On or before September 2, 2026, Plaintiff shall file his response, if any, to the motion and itemization of fees and expenses.

5. Thereafter, the Court shall award any appropriate fees and expenses by separate order.

SO ORDERED this the 5th day of August, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

11